**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2338-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LACIANA E. TINSLEY,
a/k/a LACIANA WARD,
LACIANA MORELAND,
LACIANA SILAS, and
LACIANA E. SEARS,

    Defendant-Appellant.

_____

Submitted April 29, 2025 – Decided July 22, 2025

Before Judges Sumners and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 17-04-0385.

Laciana E. Tinsley, appellant pro se.

LaChia L. Bradshaw, Burlington County Prosecutor, attorney for respondent (Alexis R. Agre, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Laciana E. Tinsley appeals the post-conviction relief (PCR) judge's order denying her second PCR petition without an evidentiary hearing. We agree with the judge that the petition is procedurally barred and add that it is without merit.

On April 30, 2018, defendant pled guilty to an amended charge of first-degree aggravated manslaughter of her husband by repeatedly hitting him in the head with a fire extinguisher. Per the plea agreement, defendant argued for a lesser sentence, but the trial court followed the State's recommendation and sentenced her to a twenty-four-year prison term subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

Defendant appealed her sentence, which we heard on our Sentencing Oral Argument calendar. See Rule 2:9-11. We ordered resentencing because "the trial court failed to properly consider [her] mental health history and improperly considered municipal court charges that were dismissed." (Da12). At resentencing on May 29, 2019, the trial court reduced defendant's NERA sentence to twenty-two years by considering for the first time mitigating factor nine, the character and attitude of defendant indicate that she is unlikely to commit another offense, N.J.S.A. 2C:44-l(b)(9). Defendant did not appeal the sentence.

On February 11, 2020, defendant filed a self-represented PCR petition alleging ineffective assistance of counsel. Defendant was later assigned counsel, and argued trial counsel was ineffective for not getting her sentence further reduced because he failed to: (1) retain an expert psychological examination in the field of childhood sexual abuse; (2) consult a "clinical brain science expert" due to a fractured skull she suffered from being physically abused when she was nine months old; and (3) utilize medical reports to prove her diminished capacity to commit aggravated manslaughter. At the conclusion of argument on June 11, 2021, the PCR judge entered an order denying defendant relief without an evidentiary hearing, setting forth his reasons on the record. Defendant appealed and this court affirmed the PCR court's decision. State v. Tinsley, No. A-3373-20 (App. Div. Mar. 14, 2023), certif. denied 255 N.J. 480 (2023).

On January 20, 2024, defendant filed a second PCR petition. This time she proceeded without counsel, alleging: (1) trial counsel was ineffective for failing to investigate her mental health records before pleading guilty; (2) the trial court abused its discretion by not giving more weight to mitigating factor four, "substantial grounds tending to excuse or justify the defendant's conduct," N.J.S.A. 2C:44-1(b)(4), at her initial sentencing as well as at her re-sentencing; (3) both trial and appellate counsel failed to investigate her history of being

subjected to domestic abuse; and (4) appellate counsel failed to argue she should have been sentenced to a lesser-degree crime.

A month later, a different PCR judge reviewed her petition and entered an order dismissing defendant's petition. Explaining his reasons in a brief letter decision, the judge determined the petition was procedurally deficient. He found defendant's petition did not satisfy Rule 3:22-4(a)(2)(A), (B), or (C), because her claims: (1) raised "no new rule of constitutional law [that] applies and was made retroactive to the allegations set forth in [her] second PCR"; (2) made allegations known to her and raised in her first PCR petition; and (3) did not allege a prima facie case of ineffective assistance of counsel by her first PCR counsel. Moreover, the judge noted that this court, upon reviewing defendant's first PCR petition, concluded that trial counsel argued the mental health claims defendant repeats in her second PCR petition. Upon finding that no "new controversy exists between this PCR submission and [defendant's] previous submission," the PCR judge declined to address her petition's merits.

Before us, defendant argues:

POINT I

THE [PCR JUDGE] ERRED IN DENYING THE DEFENDANT'S PETITION FOR SECOND POST-CONVICTION RELIEF WITHOUT AFFORDING HER AN EVIDENTIARY HEARING TO FULLY ADDRESS HER CONTENTION THAT SHE FAILED

4

TO RECEIVE ADEQUATE LEGAL REPRESENTATION AT THE SENTENCING AND FIRST POST-CONVICTION RELIEF LEVEL DUE TO RULE 3:22-4(a)(2), (A), (B), (C).

A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS, AND PETITIONS FOR POST-CONVICTION RELIEF.

POINT II

THE [PCR JUDGE] ERRED IN DENYING THE DEFENDANT'S PETITION ON PROCEDURAL GROUNDS PURSUANT TO RULE 3:22-4 AND 3:22-12.

POINT III

[DEFENDANT'S] CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL PRE-PLEA AND ON APPEAL ARE PROPERLY COGNIZABLE IN A POST-CONVICTION RELIEF PROCEEDING.

POINT IV

[DEFENDANT'S] CLAIMS ARE NOT PROCEDURALLY BARRED UNDER COURT RULE 3:22-5.

POINT V

GIVEN THE NATURE OF THE COGNIZABLE CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL, [] DEFENDANT IS ENTITLED TO AN EVIDENTIARY HEARING.

POINT VI

THE FAILURE OF APPELLATE COUNSEL TO RECOGNIZE THAT THERE WAS LEGALLY INSUFFICIENT FACTUAL BASIS FOR THE [DEFENDANT'S] GUILTY PLEA TO FIRST-DEGREE AGGRAVATED MANSLAUGHTER AND TO ARGUE THAT THE CONVICTION SHOULD THEREFORE BE REVERSED AND VACATED CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL WHICH OTHERWISE RESULTED IN AN AFFIRMANCE OF THE [DEFENDANT'S] CONVICTION BY THE APPELLATE COURT.

POINT VII

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO ARGUE THAT THE TRIAL COURT ERRED IN IMPOSING SENTENCE BY IMPROPERLY WEIGHING THE MITIGATING AND AGGRAVATING FACTORS.

POINT VIII

INEFFECTIVE ASSISTANCE OF COUNSEL BASED ON THE CUMULATIVE EFFECT OF THE ERRORS CITED ABOVE (U.S. CONST. AMEND. 6; N.J. CONST. ART. I, PAR. 10).

These arguments are without merit.

To establish a prima facie claim of ineffective assistance of counsel, a defendant must show: (1) counsel's performance was deficient; and (2) the deficiency prejudiced defendant. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting Strickland). The mere

raising of PCR does not entitle the defendant to an evidentiary hearing, State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999), because the court reviewing claims of ineffective assistance has the discretion to grant an evidentiary hearing only if the defendant makes a prima facie showing in support of the requested relief, State v. Preciose, 129 N.J. 451, 462 (1992). An evidentiary hearing should only be conducted if there are disputed issues as to material facts regarding entitlement to PCR that cannot be resolved based on the existing record. State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)).

We review a PCR judge's legal conclusions de novo. State v. Harris, 181 N.J. 391, 419 (2004). "Where . . . the PCR [judge] has not conducted an evidentiary hearing, we review [their] legal and factual determinations de novo." State v. Aburoumi, 464 N.J. Super. 326, 338 (2020) (citation omitted).

A PCR claim is not a substitute for a direct appeal, R. 3:22-3, and must hurdle some time and procedural bars. In accordance with Rule 3:22-12(a)(2), a second PCR petition must be filed within one year of either the date that "the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey;" or "the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier [with] . . . reasonable diligence;" or "the date of the denial of the first or subsequent [PCR petition] where ineffective

assistance of counsel . . . [therein] is being alleged." While the PCR time limits may be waived to prevent a fundamental injustice, they must be viewed in light of their dual key purposes: to "ensure that the passage of time does not prejudice the State's retrial of a defendant" and "to respect the need for achieving finality." State v. DiFrisco, 187 N.J. 156, 166-67 (2006) (quoting State v. Mitchell, 126 N.J. 565, 576 (1992)).

In accordance with Rule 3:22-4(b)(1), a second PCR petition is subject to the limitations set forth in Rule 3:22-12(a)(2). A second PCR petition is untimely if it was not filed within one year after denial of the first PCR petition and failed to allege a prima facie case that his first or subsequent PCR counsel was ineffective. R. 3:22-12(a)(2)(C).

Under Rule 3:22-4(b)(2), a defendant is barred from raising any issue in a second PCR petition that could have been raised on direct appeal or in the first PCR petition unless one of three exceptions apply. The petition must "allege[] on its face" one of the three criteria: (1) the petition "relies on a new rule of constitutional law . . . that was unavailable during the pendency of any prior proceedings;" (2) "the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence;" or (3) "the petition alleges a prima facie case of ineffective assistance of counsel" of prior PCR counsel. R. 3:22-4(b)(2)(A)-(C).

Rule 3:22-5 provides that "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding . . . or in any appeal taken from such proceedings." "[A] prior adjudication on the merits ordinarily constitutes a procedural bar to the reassertion of the same ground as a basis for post-conviction review." Preciose, 129 N.J. at 476 (citing R. 3:22-5). "[A] defendant may not use a petition for [PCR] as an opportunity to relitigate a claim already decided on the merits." State v. McQuaid, 147 N.J. 464, 483 (1997) (citation omitted).

Based on these procedural requirements, we conclude the PCR judge appropriately determined that defendant's second PCR petition should be dismissed because her claims were either raised in fact or should have been raised in her first PCR petition. The judge's factual findings are supported by the record and his application of Rule 3:22-4(a)(2)(A), (B), or (C) is correct. Because defendant's petition was procedurally barred, there was no prima facie PCR claim entitling her to an evidentiary hearing.

Also, defendant's second petition was untimely because it was filed significantly beyond the one-year time limit — almost two years and seven months — after the denial of her first PCR petition and the petition did not allege the delay was due to a newly recognized constitutional rule of law, newly

A-2338-23

discovered facts, or ineffectiveness of prior PCR counsel. Further, defendant has not demonstrated it would be fundamentally unjust to consider any claims that are procedurally barred by Rule 3:22-4.

Lastly, we conclude there is no merit to defendant's claims that: (1) trial and PCR counsel were deficient by not discovering that there was an insufficient factual basis to support her guilty plea to aggravated manslaughter; and (2) trial and PCR counsel were deficient by failing to advocate for the lowest possible sentence.

The record supports the trial judge's acceptance of defendant's plea allocation to aggravated manslaughter. The record does not demonstrate defendant could have successfully raised the defenses of diminished capacity or intimate partner violence. Her admission that she stuck her husband on the head with a fire extinguisher more than once while they were arguing constitutes aggravated manslaughter by "recklessly causes death under circumstances manifesting extreme indifference to human life." N.J.S.A. 2C:11-4(a)(1). There is no logical basis for her contention that there was no factual basis showing an "extreme indifference to human life." Nor is there a legitimate basis for her contention that her plea allocution only satisfied a reckless manslaughter offense. The record reveals that defendant knowingly pled guilty to aggravated manslaughter and knew everything that was going on.

A-2338-23

The record also shows that trial counsel, citing defendant's mental health history on the effect of defendant's conduct, advocated that defendant be given a lighter sentence at resentencing. There is no showing that PCR counsel was ineffective in not challenging defendant's reduced sentence. Moreover, defendant fails to show that either counsel could have successfully argued for a sentence lighter than the two-year reduced sentence given at resentencing.

To the extent we have not addressed any of defendant's arguments, we conclude they are without sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division